# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20605

United States of America

Plaintiff-Appellee

v.

Jorge Noe Chinchilla-Galvan, also known as Oscar

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-44

Before DEMOSS, DENNIS, and OWEN,[*] Circuit Judges.

DENNIS, Circuit Judge:[**]

Chinchilla-Galvan appeals his sentence, alleging a number of errors in the district court's upward departure from the sentencing guidelines advisory range. Finding that the district court plainly erred in failing to give the notice required under Rule of Criminal Procedure 32(h), this court VACATES Chinchilla-Galvan's sentence and REMANDS the issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Concurring in judgment only.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Jorge Noe Chinchilla-Galvan was charged in a two-count indictment with possessing counterfeit and falsely made alien registration receipt cards on May 6, 2005, and June 3, 2005. He pleaded guilty to both offenses without the benefit of a plea agreement.

The presentence report (PSR) assigned Chinchilla-Galvan a base offense level of 11. Chinchilla-Galvan's offense level was enhanced by 3 levels because his offense involved between 6 and 24 documents. Chinchilla-Galvan's offense level was then reduced by 2 levels for acceptance of responsibility. Chinchilla-Galvan's total offense level of 12, combined with his criminal history category of I, yielded an advisory sentencing guideline range of 10 to 16 months imprisonment. The PSR did not identify any factors warranting departure, and Chinchilla-Galvan did not object to the PSR.

At sentencing, Chinchilla-Galvan requested that the district court sentence him to 10 or fewer months of imprisonment, and the Government recommended a 10-month term. Without prior notice, the district court imposed a 3-level upward departure in Chinchilla-Galvan's offense level. With a total offense level of 15, Chinchilla-Galvan's advisory sentencing guideline range became 18 to 24 months of imprisonment. The district court sentenced Chinchilla-Galvan to serve a 24-month term for each count of conviction, to run concurrently, to be followed by a 3-year term of supervised release for each count of conviction, also to run concurrently. The district court overruled Chinchilla-Galvan's objection to the reasonableness of his sentence. Chinchilla-Galvan appealed.

## II. DISCUSSION

Before this court, Chichilla-Galvan challenges the district court's calculation of his sentence under the sentencing guidelines, the reasonableness of his sentence, and the district court's failure to give notice that it was

considering an upward departure. Because we find plain error as to the last issue and remand accordingly, we do not address the other claims.

A. Standard of Review

The district court's failure to give notice of its intent to depart from the sentencing guidelines is subject to plain error review. See United States v. Olano, 507 U.S. 725, 730 (1993). Generally, this court reviews de novo such claims that a defendant was not provided reasonable notice, United States v. Andrews, 390 F.3d 840, 844 (5th Cir. 2004), but when a defendant fails to object to a lack of notice, the standard is plain error review. United States v. Olano, 507 U.S. 725, 730 (1993). Since Chinchilla-Galvan did not object to the lack of notice, we review the district court's conduct for plain error.

B. Analysis

To prove plain error a defendant must satisfy three elements: (1) an error (2) that is clear and obvious (3) that affects substantial rights. See United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004). If a defendant meets these criteria, this court has discretion to correct the error and will do so if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." Id.

As the Government concedes, Chinchilla-Galvan meets these plain error standards. The district court's failure to give any presentencing notice of its upward departure constitutes a clear and obvious error in violation of Federal Rule of Criminal Procedure 32(h), which states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's rehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h). We find that the district court's failure to give notice of its intent to depart upwardly constitutes plain error.

The Government concedes as much, but argues that this court should decline to remedy the error because it does not seriously affect the "fairness, integrity, or public reputation of judicial proceedings."

We disagree. The district court's disregard for Rule 32(h), affording Chinchilla-Galvan no notice before choosing a sentence substantially above the advisory guideline range, gave Chinchilla-Galvan no meaningful opportunity to prepare a response or objection to the departure. This clearly affected the fairness, integrity, and reputation of judicial proceedings.

Accordingly, we VACATE Chinchilla-Galvan's sentence and REMAND for resentencing.