**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-31021

February 4, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

NELFIN JESUALDO ZELAYA-ROSALES,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:

Nelfin Jesualdo Zelaya-Rosales ("Zelaya-Rosales") appeals his sentence of twelve months imprisonment, challenging: (1) the district court's lack of notice that it was considering an upward departure from his Sentencing Guidelines range, and (2) the reasonableness of his sentence.  We AFFIRM.

I.

Zelaya-Rosales pleaded guilty to a one-count indictment charging him with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a).  The presentence report (PSR) assigned Zelaya-Rosales a base offense level of eight. His offense level was then reduced by two levels for acceptance of responsibility. Zelaya-Rosales' total offense level of six, combined with his criminal history

No. 12-31021

category of I yielded an advisory Guidelines range of zero to six months imprisonment. The PSR recommended a six-month sentence. The PSR did not identify any factors warranting a departure, and Zelaya-Rosales did not object to the PSR.

At sentencing, the district court imposed a six-month upward departure, without prior notice, based on Zelaya-Rosales' five previous immigration encounters and four prior removals. The district court overruled Zelaya-Rosales' objection to the reasonableness of his twelve-month sentence. Zelaya-Rosales timely appealed.

## II.

Zelaya-Rosales' first claim on appeal challenges the district court's lack of notice that it was considering an upward departure from his Guidelines range. Generally, we review *de novo* claims that a defendant was not given reasonable notice as to grounds for an upward departure. *United States v. Andrews*, 390 F.3d 840, 844 (5th Cir. 2004). Because Zelaya-Rosales did not object to the lack of notice, however, our review is for plain error only. *United States v. Olano*, 507 U.S. 725, 730 (1993). To succeed on plain-error review, Zelaya-Rosales must show: (1) an error, (2) that is clear and obvious, and (3) affected his substantial rights. *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004). If he makes such a showing, we may exercise our discretion to correct the error only if it seriously affects the "fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *Olano*, 507 U.S. at 732).

The government concedes that the district court's lack of notice that it intended to depart upward from the Guidelines is a clear and obvious error in violation of Federal Rule of Criminal Procedure 32(h), which provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h). Under prong three of the plain-error analysis, Zelaya-Rosales must show a "reasonable probability that the result of the proceedings would have been different but for the error." *Olano*, 507 U.S. at 734. Relying on our unpublished decision in *United States v. Chinchilla-Galvan*, 242 F. App'x 228 (5th Cir. 2007) (unpublished), Zelaya-Rosales argues that the district court's lack of notice that it was considering an upward departure affected his substantial rights because it resulted in a sentence twice the maximum of his Guidelines range and deprived him of an opportunity to prepare a response or an objection to the upward departure. In *Chinchilla-Galvan*, the government conceded that the error affected the defendant's substantial rights.[1] In the instant case, the government disputes that the error affected Zelaya-Rosales' substantial rights on the basis that he cannot show a reasonable probability that the district court would have imposed a lesser sentence if it had given him notice of its intent to depart upward from the Guidelines.

We agree with the government's position. The sentencing transcript shows that the district court relied primarily on Zelaya-Rosales' five previous immigration encounters and four prior removals—facts contained in the PSR that he never disputed—as grounds for the upward departure. Given that Zelaya-Rosales does not dispute the accuracy of his immigration encounters and prior removals, he has not shown a reasonable probability that the district court would have imposed a lesser sentence if it had given him notice of its intent to

---

[1] This concession is reflected in the government's briefing on appeal in *Chinchilla-Galvan*.

depart from the Guidelines. Therefore, the error does not affect his substantial rights. *See United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006) (affirming that a district court's lack of notice of its intent to depart upward from the Guidelines did not affect a defendant's substantial rights on plain-error review when it was not "reasonably probable that the district court would have chosen a lesser sentence" if it had provided such notice and the defendant had an opportunity to object to the departure).

Even assuming *arguendo* that the error affected Zelaya-Rosales' substantial rights, he has not met his burden under prong four of plain-error review to show that the error seriously affected the "fairness, integrity, or public reputation of the judicial proceedings." *Reyna*, 358 F.3d at 350 (quoting *Olano*, 507 U.S. at 732). As noted above, Zelaya-Rosales does not dispute the accuracy of his prior immigration encounters and removals, and therefore, cannot show that the sentencing proceedings would have been different if the district court had given notice of its intent to depart upward from the Guidelines. Concluding that the specific facts of this case do not give rise to a miscarriage of justice, we decline to exercise our discretion to correct the error. *See United States v. Tampico*, 297 F.3d 396, 403 (5th Cir. 2002) (affirming that a district court's lack of notice to depart upward from the Guidelines did not seriously affect the fairness of the proceedings when the defendant did not explain how he would have objected or responded if the district court had given such notice).

Zelaya-Rosales' second claim on appeal challenges the reasonableness of his twelve-month sentence. We review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005). There is no abuse of discretion if the district court's reasons for departing: (1) "advance the objectives set forth in 18 U.S.C. § 3553(a)(2)," and (2) are justified by the facts of the case." *Id.* at 310.

Zelaya-Rosales argues that the district court's six-month upward

departure was an abuse of discretion because the departure was greater than necessary to meet the sentencing goals of § 3553(a)(2). More specifically, he contends that his maximum Guidelines sentence of six months was more than sufficient to reflect the seriousness of his offense in light of his low criminal history score and his motives for entering the United States illegally—namely, to provide for his family and to escape violent criminals that Honduran authorities have now captured.

Under § 3553(a)(2), the district court may consider the need "to afford adequate deterrence to criminal conduct" as a factor when making sentencing determinations. 18 U.S.C. § 3553(a)(2)(B). Moreover, § 4A1.3(a)(1) of the Guidelines provides for an upward departure if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual [hereinafter U.S.S.G.] § 4A1.3(a)(1). Such information may include, but is not limited to, "[p]rior similar misconduct established by a civil adjudication" and "[p]rior similar adult criminal conduct not resulting in a criminal conviction." *Id*. § 4A1.3(a)(2)(C), (E). Here, the district court gave an individualized assessment of the § 3553(a) factors and determined in light of Zelaya-Rosales' five previous immigration encounters and four prior removals that the maximum sentence under the Guidelines range was inadequate to deter him from reentering the United States illegally. Therefore, the district court did not abuse its discretion because it was permitted to consider the need for deterrence as a sentencing factor, and Zelaya-Rosales' previous immigration encounters and removals in departing upward from his sentencing range. *See Id*. § 4A1.3(a)(2)(C), (E); § 3553(a)(2)(B).

Accordingly, Zelaya-Rosales' sentence is AFFIRMED.