# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10522
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS STACY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-190-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas Stacy appeals his 48-month sentence for bank robbery. The district court departed upward from a guidelines range of 30 to 37 months after determining that Stacy's criminal history category of I substantially under-represented the likelihood that he would reoffend. Stacy contends that the departure under U.S.S.G. § 4A1.3 was substantively unreasonable under the factors in 18 U.S.C. § 3553(a)(2) because it fails to account for his history and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

characteristics--including his age, alcohol-related mental issues, and physical health problems--and because of the need to provide him with medical care in the most effective manner.  He notes that he was 73 years old at the time of sentencing with a history of depression and alcoholism.  He argues that his offense was the result of his alcoholism and that his age reduces any risk of recidivism.  He further argues that his two prior bank robbery convictions resulted from nonviolent robberies that occurred 21 and 27 years earlier.  Additionally, Stacy argues that his two recent nonviolent attempts at bank robbery were mitigated by his age, noting that the tellers simply refused his written notes asking for money in each instance.  According to Stacy, he would benefit from alcohol treatment rather than incarceration to promote rehabilitation.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  In the context of a guidelines departure, we evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion."  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).  There is no abuse of discretion if the court's reasons for departing advance the objectives of § 3553(a)(2) and are justified by the facts of the case.  *Id.* at 347; *see also United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013).

Section 4A1.3 provides that, where "reliable information indicates that the defendant's criminal history category substantially under-represents . . . the likelihood that [he] will commit other crimes, an upward departure may be warranted."  § 4A1.3(a)(1).  Permissible bases for an upward departure include prior sentences not used in computing the criminal history category and

"[p]rior similar adult conduct not resulting in a criminal conviction." *See* § 4A1.3(a)(2)(A), (E).

The district court considered Stacy's age and health at sentencing but found that his "very serious crime" of bank robbery "[wa]sn't aberrant" in light of his two prior federal convictions for bank robbery and his "significant other criminal history." The court emphasized that each attempt by Stacy to rob a bank created a risk of harm to others, even if he did not use violence or the threat of violence. Citing § 3553(a)(2), the court noted that the 48-month sentence was necessary to reflect the seriousness of the offense, provide just punishment, promote respect for the law, afford adequate deterrence, and protect the public from further crimes by Stacy. The court noted that the sentence took into consideration Stacy's two prior bank robbery convictions and his two recent bank robbery attempts, which it considered "crimes of violence and attempted crimes of violence."

Stacy's pattern of robbing and attempting to rob banks, which has spanned four decades and continued into his 70s, supports the district court's finding that a criminal history category of I substantially under-represented the likelihood that he would reoffend. His argument that the instant bank robbery and the two recent attempts were the result of his alcohol abuse does not diminish the likelihood of recidivism, given his lengthy and frequently losing battle with alcoholism. The 48-month sentence (with a recommendation that Stacy receive comprehensive drug treatment from the Bureau of Prisons) was consistent with the § 3553(a) factors, which provide that a sentence should (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (B) give adequate deterrence for criminal conduct; (C) protect the public from further crimes by the defendant; and (D) provide the defendant with needed educational training, medical care, or other

correctional treatment.  Because the district court's reasons for the departure advanced the objectives of § 3553(a)(2) and were justified by the facts of the case, the court did not abuse its discretion.  *See Zuniga-Peralta*, 442 F.3d at 347.

AFFIRMED.