# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL ARTURO SEGOVIA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-142-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Abel Arturo Segovia-Hernandez appeals the sentence imposed following his conviction for illegal reentry after deportation. Segovia-Hernandez's advisory guideline range was 24 to 30 months of imprisonment. However, relying on U.S.S.G. § 4A1.3, the district court imposed an upward departure sentence of 72 months of imprisonment. Segovia-Hernandez contends that this was an abuse of discretion. He also challenges his sentence as violating the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Due Process Clause, but, as he concedes, his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

This court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In the context of a guidelines departure pursuant to § 4A1.3, this court evaluates both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). There is no abuse of discretion if the district court's reasons for departing advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case. *Zuniga-Peralta*, 442 F.3d at 347; *see also United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013). The parties disagree whether error was preserved in the district court. However, we need not determine the appropriate standard of review because, under either standard, Segovia-Hernandez's arguments are unavailing. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record reflects that the district court explicitly considered the breadth and nature of Segovia-Hernandez's criminal history and his arguments in mitigation. Moreover, the district court stated for the record that it considered intermediate adjustments, explained why the criminal history category as calculated under the guidelines was inappropriate, and why the sentence it ultimately chose was appropriate. The reasons cited by the district court made appropriate reference to the § 3553(a) factors. Because the district court's reasons for the departure advanced the objectives of § 3553(a)(2) and were justified by the facts of the case, the district court did not abuse its discretion in upwardly departing pursuant to § 4A1.3(a)(1). *See Zuniga-Peralta*, 442 F.3d at 347-48. Nor was the extent of the departure excessive

No. 15-11158

under the circumstances.  *See, e.g., United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *Zuniga-Peralta*, 442 F.3d at 346-48.

AFFIRMED.