# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51315
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO MICHEL-VILLALOBOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-328-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sergio Michel-Villalobos appeals his above-guidelines sentence of 60 months of imprisonment arising from his guilty-plea conviction for attempted illegal reentry after deportation. Michel-Villalobos asserts that his sentence was unreasonable in that the district court improperly relied upon informal and unauthenticated foreign documents as evidence of charges and convictions rendered by a foreign judicial system lacking adequate due process protections.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51315

"We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Fuentes*, 775 F.3d 213, 218 (5th Cir. 2014) (internal quotation marks and citation omitted). Sentences are reviewed for both procedural and substantive reasonableness, and the district court's application of the sentencing guidelines is reviewed de novo while its factual findings are reviewed for clear error. *Id.* at 218-19.

In evaluating the procedural reasonableness of a sentence, we consider whether the district court committed a significant procedural error, such as failing to calculate or incorrectly calculating the guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) sentencing factors, or basing the sentence on clearly erroneous facts. *Id.* at 218. The record does not support Michel-Villalobos's first procedural argument that the district court erroneously based his sentence on uncharged foreign criminal conduct. The district court made clear that it was not relying on Michel-Villalobos's Mexican "rap sheet" or a media report referencing his arrest for a Mexican theft offense, but was focusing instead on "the controlling issue" of his valid Mexican homicide conviction.

Neither is there merit to Michel-Villalobos's contention that the district court erroneously relied upon the allegedly inadequate documentation underlying the finding of the presentence report (PSR) regarding his Mexican homicide conviction. Michel-Villalobos failed to establish with rebuttal evidence, or even to assert in the district court or in this appeal, that the PSR's finding that he had been convicted of homicide in Mexico was materially untrue. *See United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010). The district court was therefore free to adopt the PSR's finding regarding the existence of that conviction without further inquiry. *See United States v. Mir*,

919 F.2d 940, 943 (5th Cir. 1990); *see also United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004).

Third, there is no merit to Michel-Villalobos's challenge to the district court's consideration of his Mexican homicide conviction based on the Mexican judicial system's allegedly inadequate due process protections. The defendant has the burden of proving the constitutional invalidity of a prior conviction used for sentencing purposes. *United States v. Richardson*, 781 F.3d 237, 249 (5th Cir. 2015). Michel-Villalobos has failed to carry this burden, as he has not even asserted in either the district court or this court that he was personally deprived of due process in his own Mexican homicide conviction proceedings.

Finally, Michel-Villalobos has likewise failed to establish that his sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. *See Fuentes*, 775 F.3d at 218. A district court's decision to depart upward does not constitute an abuse of discretion "if the district court's reasons for departing: (1) advance the objectives set forth in [§ 3553(a)(2)], and (2) are justified by the facts of the case." *United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013) (internal quotation marks and citation omitted). While Michel-Villalobos reasserts his procedural arguments in contending that an upward departure was not supported by the facts of this case, he has failed to brief, and has thereby abandoned, any argument that the district court's reasons for upwardly departing did not advance the objectives of § 3553(a)(2). *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Michel-Villalobos has thus failed to establish that the district court's sentence was substantively unreasonable as an upward departure, his challenge to the district court's alternative variance basis for the sentence need not be considered. *See Fuentes*, 775 F.3d at 219.

The judgment of the district court is AFFIRMED.