# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-30423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYANT EMERSON FREEMAN,

Defendant-Appellant

--------------------------------------------------------------------------------------------

Consolidated with: 17-30426

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRYANT EMERSON FREEMAN,

Defendant - Appellant

————

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-41-1
USDC No. 3:16-CR-122-1

————

No. 17-30423
c/w No. 17-30426

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:*

In these consolidated appeals, Bryant Emerson Freeman challenges the substantive reasonableness of the 60-month term of imprisonment imposed as an upward departure on his conviction for failure to update his sex offender registration, and the consecutive 23-month term of imprisonment imposed following the revocation of supervised release imposed on a prior offense of failure to register as a sex offender. He also challenges a special condition of supervised release prohibiting him from giving candy or gifts to minors on holidays. We affirm.

First, we review the substantive reasonableness of Freeman's consecutive sentences for abuse of discretion, taking into account the totality of the circumstances and the extent of any deviation from the Guidelines range and giving "due deference" to the district court's assessment of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Warren*, 720 F.3d 321, 322 & n.2 (5th Cir. 2013) (reviewing revocation sentences for abuse of discretion); *United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013) (reviewing upward departures for abuse of discretion); *United States v. Setser*, 607 F.3d 128, 130 (5th Cir. 2010) (reviewing consecutive sentences for abuse of discretion). Freeman contends that the district court imposed unnecessarily long terms of imprisonment by giving insufficient weight to certain aspects of his criminal and mental health history. Having reviewed the district court's thorough justification of the sentences it imposed, we conclude that Freeman's disagreement with the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30423
c/w No. 17-30426

weighing of the sentencing factors is insufficient to demonstrate an abuse of discretion. *See Gall*, 552 U.S. at 51; *United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014).

Second, we review Freeman's unpreserved challenge to the supervised release condition for plain error. *See United States v. Caravayo*, 809 F.3d 269, 272-73 (5th Cir. 2015); *United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). The district court relied on undisputed record evidence demonstrating that Freeman had a history of targeting young women through manipulation and violence. Having considered Freeman's arguments that the condition is unrelated to any sentencing factor, infringes on his First Amendment right of free exercise of religion, and does not advance any goals of the United States Sentencing Commission, we are unpersuaded that the district court committed clear or obvious error. *See* 18 U.S.C. § 3583(d); *United States v. Prieto*, 801 F.3d 547, 555 (5th Cir. 2015); *Ellis*, 720 F.3d at 225.

AFFIRMED.