# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2018

Lyle W. Cayce
Clerk

No. 17-10727
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OLBIN ENRIQUE LAZO-PALMA, also known as David Lazo Oblin,
also known as David Olbin Lazo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-10-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Olbin Enrique Lazo-Palma pleaded guilty to illegal reentry, and the district court sentenced him to 18 months of imprisonment followed by a one-year term of supervised release. The district court explained that the sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

represented an upward departure under U.S.S.G § 4A1.3(a)(1) from an advisory range of two to eight months of imprisonment. Lazo-Palma now appeals, arguing that his sentence is both procedurally and substantively unreasonable.

For preserved claims of procedural error, this court reviews the district court's interpretation and application of the Guidelines *de novo* and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This court reviews "upward departures for reasonableness, which necessitates that we review 'the district court's decision to depart upwardly and the extent of that departure for abuse of discretion.'" *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)). The district court did not abuse its discretion by upwardly departing based on Lazo-Palma's prior administrative deportations, his receiving lenient sentences for past offenses, and his use of numerous aliases, as those factors influenced its determination that Lazo-Palma was a likely recidivist. *See United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013); *see also United States v. Simkanin*, 420 F.3d 397, 415-19 (5th Cir. 2005) (affirming an upward departure under U.S.S.G. § 4A1.3(a)(1) and U.S.S.G. 5K2.0).

"A sentence is unreasonable when it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011) (citation omitted). Lazo-Palma argues that his sentence is substantively unreasonable for the second and third of these reasons. However, he has not shown that the district court considered an improper sentencing factor. *See Zelaya-Rosales*, 707 F.3d at 546. Moreover, our "review

No. 17-10727

is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (quoting *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2012)).  As Lazo-Palma merely disagrees with the weight the district court assigned to the different § 3553(a) factors and "cites no cases that would require this court to reweigh" those factors in his favor, he has not shown that the district court abused its discretion.  *See United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014).

AFFIRMED.