# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41174
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

ALVARO MONCIVAIZ-LOPEZ, also known as Jorge Medrano, Jr.,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1091-1

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges

PER CURIAM:[*]

Alvaro Moncivaiz-Lopez appeals his 24-month, above-guidelines sentence for being found in the United States after deportation. Moncivaiz-Lopez's guideline range of imprisonment was eight to 14 months. The district court upwardly departed pursuant to U.S.S.G. § 4A1.3, after determining that Moncivaiz-Lopez's criminal history category of II substantially under-represented the seriousness of his criminal history and the likelihood that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41174

would reoffend.  Moncivaiz-Lopez argues that his sentence is substantively unreasonable.

This court generally reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  In reviewing a guidelines departure pursuant to § 4A1.3, this court evaluates both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)).  There is no abuse of discretion if the district court's reasons for departing advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case.  *Id.*; *see also United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013).

Moncivaiz-Lopez has two prior deportations and 12 prior unscored convictions, mostly for conduct that presented a danger to the community and officers as the result of alcohol use.  The district court concluded that a departure was necessary in this case to protect the public from future crimes by Moncivaiz-Lopez, deter him from engaging in further criminal conduct, and to promote respect for the law.  Thus, the departure sentence advances the relevant objectives of 18 U.S.C. § 3553(a)(2) and is justified by the facts.  The district court did not abuse its discretion.  *See Zuniga-Peralta*, 442 F.3d at 347.  The judgment of the district court is AFFIRMED.