# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2020

Lyle W. Cayce
Clerk

No. 19-41053
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANI JOEL SUQUE-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1444-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Dani Joel Suque-Ramos appeals his 24-month sentence for illegal reentry. His guidelines range was 2 to 8 months of imprisonment. The district court upwardly departed pursuant to U.S.S.G. § 2L1.2, comment (n.6) and U.S.S.G. § 4A1.3, p.s. Suque-Ramos asserts that his sentence is substantively unreasonable. He maintains that "the district court gave undue, significant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-41053

weight to [his] sole criminal conviction, a misdemeanor, and insufficient weight to the fact that this was [his] first conviction for illegal reentry."

This court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an upward departure, this court evaluates both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). There is no abuse of discretion if the district court's reasons for departing advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the facts of the case. *Id.*; *see also United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013).

In explaining its sentencing decision, the district court expressed its concern with Suque-Ramos's prior conviction for sexual intercourse with a minor and his immediate return to the United States following his prior removal. The district court concluded that a departure was necessary in this case to protect the public from further crimes by Suque-Ramos, to deter him from engaging in further criminal conduct, to promote respect for the law, and to provide just punishment for the offense. Accordingly, the departure sentence advances the relevant objectives of § 3553(a)(2) and is justified by the facts. The district court did not abuse its discretion. *See Zuniga-Peralta*, 442 F.3d at 347. The judgment of the district court is AFFIRMED.