# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 20-10240
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eduardo Pena-Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:19-CR-294-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Eduardo Pena-Garcia appeals the sentence imposed on his guilty-plea conviction of illegal reentry following removal. *See* 8 U.S.C. § 1326(a). The guideline range was 2 to 8 months, but the district court upwardly departed to 15 months, using U.S.S.G. § 4A1.3, p.s. Pena-Garcia contends that the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentence is substantively unreasonable because it represents a clear error in judgment in balancing the sentencing factors.

This court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an upward departure, we evaluate "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). There is no abuse of discretion if the district court's reasons for departing advance the objectives of 18 U.S.C. § 3553(a)(2) and "are justified by the facts of the case." *Id.* (quotation marks and citation omitted); *see also United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013).

Pena-Garcia asserts that his accumulation of five criminal history points and his placement in criminal history category III resulted from relatively minor offenses. He does not contend that the district court erred in considering his pending state charge of aggravated assault with a deadly weapon, but he notes that even a conviction and sentence on the pending state charge would not have placed him in criminal history category V, the category used by the district court. With regard to the district court's consideration of his voluntary returns and deportations to Mexico, Pena-Garcia asserts, in abbreviated fashion, that there was not sufficiently reliable information in the presentence report that indicates he could or should have received criminal history points for such incidents.

The information in the presentence report generally is presumed to be reliable. *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). Pena-Garcia has not shown that the district court erred in considering such information. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). Nor has he shown that the court erred in relying on his voluntary returns and

deportations in upwardly departing under § 4A1.3. *See Zuniga-Peralta*, 442 F.3d at 347-48 (affirming an upward departure under § 4A1.3 where the court relied, *inter alia*, on the defendant's "multiple deportations").

Further, we are satisfied that the reasons given by the district court for upwardly departing advance the objectives of § 3553(a)(2), such as promoting respect for the law and affording adequate deterrence to criminal conduct, and we conclude that the reasons are justified by the facts. *See* § 3553(a)(2)(A), (B); *Zuniga-Peralta*, 442 F.3d at 347. Moreover, the extent of the departure is well within the range we have upheld in illegal-reentry cases. *See, e.g.*, *Zuniga-Peralta*, 442 F.3d at 347–48 (affirming upward departure from a guideline range of 27–33 months to a sentence of 60 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008) (affirming upward departure from guideline range of 21–27 months to a sentence of 60 months).

AFFIRMED.