# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 21-50319
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO LUIS LAURIAN-MATUZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-65-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges.*

PER CURIAM:*

Defendant-Appellant Pedro Luis Laurian-Matuz pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The guidelines recommended a 46 to 57 month term of imprisonment. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4. Judge Haynes concurs in the judgment only.

No. 21-50319

district court sentenced him to 96 months followed by three years of supervised release. Laurian-Matuz appeals his sentence on grounds of procedural and substantive reasonableness.

He first contends that the district court erred by (1) not providing notice that it was considering an upward departure and (2) not providing an adequate explanation for the 96-month sentence.

Federal Rule of Criminal Procedure 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." It is undisputed that the district court did not provide notice that it was contemplating a departure.

As Laurian-Matuz did not object in the district court, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010). "To succeed on plain-error review, [Laurian-Matuz] must show: (1) an error, (2) that is clear and obvious, and (3) affected his substantial rights." *United States v. Zelaya-Rosales*, 707 F.3d 542, 544 (5th Cir. 2013). For the third prong, he "must show a 'reasonable probability that the result of the proceedings would have been different but for the error.'" *Id.* at 545 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993). *See also United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006) (concluding that there was no clear error when "we cannot say that it was reasonably probable that the district court would have chosen a lesser sentence").

Laurian-Matuz offers no evidence that, with adequate notice, he could have persuaded the district court to impose a lower sentence. The district court departed upward from the top of the guidelines range because it concluded that Laurian-Matuz's criminal history of illegal reentry offenses

(followed by brief terms of imprisonment), and his conviction for possession with intent to distribute marijuana, were underrepresented by the guidelines. Laurian-Matuz "does not dispute the accuracy of his [criminal history and] he has not shown a reasonable probability that the district court would have imposed a lesser sentence if it had given him notice of its intent to depart from the Guidelines." *Zelaya-Rosales*, 707 F.3d at 545.

Laurian-Matuz next contends that the district court failed to provide an adequate explanation for the above-guidelines sentence that it imposed. No further explanation is required when the record reflects that the sentencing judge heard the parties' arguments before determining that a non-guidelines sentence was warranted under the 18 U.S.C. § 3553(a) factors. *See United States v. Fraga*, 704 F.3d 432, 438-39 (5th Cir. 2013). The district court considered Laurian-Matuz's mitigating arguments and the § 3553(a) factors. It stated that it was imposing an above-guidelines sentence because it felt that Laurian-Matuz's criminal history was underrepresented by the advisory guidelines. The district court therefore did not commit plain error. *See Puckett*, 556 U.S. at 135; *Williams*, 620 F.3d at 493.

Finally, Laurian-Matuz asserts that his sentence was substantively unreasonable because the district court did not adequately consider the § 3553(a) factors. Laurian-Matuz has preserved his challenge to the substantive reasonableness of the sentence because he advocated before the district court for a sentence shorter than the one ultimately imposed. This court therefore reviews for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The record shows that the district court considered all relevant information and arguments as well as the sentencing factors in § 3553(a). There is no evidence that the district court failed to account for a factor that

should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Laurian-Matuz's arguments amount to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017).

The sentence imposed by the district court is AFFIRMED.