# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 21-10550
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Matthew Michael Cimino

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-349-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Matthew Michael Cimino appeals his guilty plea conviction and his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He challenges his conviction on two grounds. He first contends that § 922(g)(1) is unconstitutional on its face and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10550

as applied to him because it exceeds the scope of Congress's authority under the Commerce Clause. He next contends that the factual basis for his guilty plea is insufficient because it does not include, as a mens rea element, that he knew his possession of the firearm was in or affecting interstate commerce. Because he raises both challenges for the first time on appeal, they are reviewed for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Cimino concedes that both of these challenges to his conviction are foreclosed by our precedent and that he only raises them to preserve them for potential future review. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Dancy*, 861 F.2d 77, 80-82 (5th Cir. 1988).

As for Cimino's sentence, the district court applied an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1) and sentenced him to 42 months of imprisonment. The court determined that Cimino's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes.

We review the district court's decision to impose an upward departure, as well as the extent of such a departure, for abuse of discretion. *See United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013). At sentencing, the district court explained that the upward departure was based on (1) Cimino's status as a habitual offender, (2) the minimal terms of imprisonment imposed for his previous convictions, (3) his continued engagement in criminal behavior, and (4) the number of prior convictions that were not scored due to their age. These bases are supported by the record and are permissible for purposes of § 4A1.3. *See United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021); *United States v. Lopez*, 871 F.2d 513, 514-15 (5th Cir. 1989). Cimino's challenge to the imposed sentence is merely a disagreement with how the district court weighed the relevant factors and thus "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir.

2016).  We have upheld proportionately greater upward departures than the nine month departure at issue here.  *See, e.g., Lavalais*, 960 F.3d at 186, 189-90 (upholding a 59-month upward departure from a guidelines maximum of 46 months); *Zelaya-Rosales*, 707 F.3d at 546 (upholding a six-month upward departure from a guidelines maximum of six months).

AFFIRMED.