# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2022

Lyle W. Cayce
Clerk

No. 21-30547
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANNY RAY WILSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-295-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Danny Ray Wilson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) identified "criminal history adequacy" as a basis for an upward departure under U.S.S.G. § 4A1.3 because Wilson had an "egregious, serious

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

criminal record" and because he "pose[d] a violent risk to the public." The district court departed from the recommended guidelines range of 41 to 51 months and imposed a sentence of 72 months of imprisonment.

Wilson argues on appeal that his 72-month sentence is substantively unreasonable. Specifically, he argues that in departing from the guidelines range under § 4A1.3, the district court ignored the fact that he had already received criminal history points for his prior criminal convictions and gave significant weight to conduct underlying charges that were pending or had been dismissed. The district court's decision to impose an upward departure, as well as the extent of that departure, are reviewed for an abuse of discretion. *United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013).

At sentencing, the district court explained that reliable information suggested that Wilson's criminal history category substantially underrepresented the seriousness of his criminal history and his likelihood of recidivism. *See* § 4A1.3(a)(1). The court then recounted Wilson's lengthy criminal history, which included felony convictions for obstruction of justice and illegal possession of a firearm, as well as two felony burglary convictions, a felony conviction for illegal use of a dangerous weapon, and a misdemeanor conviction for violating a protective order, which involved Wilson's wife. Wilson is correct that each of these convictions received criminal history points, but the district court was nonetheless entitled to find that Wilson's criminal history score, and the resulting criminal history category of VI, did not adequately reflect the seriousness of his conduct or his risk of recidivism. *See* § 4A1.3(a)(1).

The district court also found the guidelines sentence inadequate based on Wilson's unscored criminal history, which included charges that were pending or had been dismissed. "It is well-established that prior criminal

conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Wilson complains that the district court erred in relying on unadjudicated conduct because "the PSR makes no attempt to explain why the charges were dismissed." Without such information, Wilson argues, the district court could not determine "whether the allegations of fact contained in the charges were reliable." Wilson, however, filed no objections to the PSR and did not otherwise challenge any of the facts underlying his dismissed or pending charges. "Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). Further, as Wilson acknowledges, the PSR's factual allegations underlying the dismissed and pending charges were drawn from police reports, and this court has held that "the district court may properly find sufficient reliability on a [PSR] which is based on the results of a police investigation." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991).

Based on the foregoing, the judgment of the district court is AFFIRMED.