# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

No. 22-10256
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eladio Loya-Palma,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-242-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Eladio Loya-Palma appeals his sentence for illegal reentry. The Guidelines range was 37–46 months of imprisonment. After determining that Loya-Palma's criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood that he would commit

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10256

other crimes, the district court applied an upward departure under U.S.S.G. § 4A1.3(a)(1) and sentenced Loya-Palma to 56 months of imprisonment.

We review the district court's decision to impose an upward departure, as well as the extent of that departure, for an abuse of discretion. *See United States v. Zelaya-Rosales*, 707 F.3d 542, 546 (5th Cir. 2013). At sentencing, the district court explained that the upward departure was based on Loya-Palma's status as a habitual offender, his continued engagement in criminal behavior, and his numerous prior offenses that did not result in conviction. These bases are supported by the record and are permissible for purposes of § 4A1.3. *See United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020); *United States v. Lopez*, 871 F.2d 513, 514–15 (5th Cir. 1989). Loya-Palma's challenge to the imposed sentence is merely a disagreement with how the district court weighed the relevant factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Moreover, we have upheld proportionately greater upward departures than the one at issue here. *See, e.g.*, *Lavalais*, 960 F.3d at 186, 189–90 (upholding a 59-month upward departure from a Guidelines maximum of 46 months); *Zelaya-Rosales*, 707 F.3d at 546 (upholding a six-month upward departure from a Guidelines maximum of six months).

Accordingly, the judgment of the district court is AFFIRMED.

2