# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

—————————

No. 25-40081
Summary Calendar

—————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIK JACKSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-273-1

_____

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Erik Jackson appeals the 60-month, above-guidelines range sentence imposed upon his guilty plea conviction to possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Jackson first argues that the district court procedurally erred by imposing an upward guidelines departure without giving the notice required

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

under Federal Rule of Criminal Procedure 32(h). He fails to show error, plain or otherwise, *see United States v. Zelaya-Rosales*, 707 F.3d 542, 544 (5th Cir. 2013), because the record makes it clear that the district court imposed an 18 U.S.C. § 3553(a)-based variance and not a guidelines-based departure, *see United States v. Jacobs*, 635 F.3d 778, 780 n.1 (5th Cir. 2011); *United States v. Smith*, 440 F.3d 704, 708 n.3 (5th Cir. 2006); *see generally Irizarry v. United States*, 553 U.S. 708, 714-15 (2008). Therefore, no Rule 32(h) notice was required. *See Irizarry*, 553 U.S. at 714.

Next, Jackson contends that his sentence is substantively unreasonable. However, he fails to show that his above-guidelines range sentence fails to account for an § 3553(a) sentencing factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Accordingly, we defer to the district court's determination that the § 3553(a) factors as a whole—including Jackson's violent criminal history, his spontaneous admission at the sentencing hearing that he had been committing an ongoing § 922(g) violation for 20 years, and his lack of remorse, among other factors—justify the extent of the variance in this case. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.