# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-10638
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABDUSH AKBAR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-66-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Abdush Akbar pleaded guilty to false impersonation of an officer or employee of the United States, in violation of 18 U.S.C. § 912. He appeals the sentence of 36 months imposed by the district court. Akbar argues that the district court erred in relying on uncounted, stale convictions to depart upward from the guidelines range and that the district court erred in determining the extent of the departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). However, when, as here, a defendant fails to object to the district court's decision to depart upwardly in the district court, review is for plain error. *See United States v. Hernandez*, 485 F.3d 270, 272-73 (5th Cir. 2007).

In order to establish plain error, Akbar must show that (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the error is within the sound discretion of this court, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736.

The sentencing court may depart from the guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G.

§ 4A1.3. If a sentence was imposed outside the period within which sentences are counted in determining the criminal history category, the court may consider "evidence of similar, or serious dissimilar, criminal conduct" in determining whether an upward departure is warranted under § 4A1.3. § 4A1.2, comment. (n.8).

Akbar argues that his stale convictions may not be considered because the convictions are neither "serious" nor "similar" to the instant offense within the meaning of § 4A1.2, comment. (n.8). The Guidelines do not define what constitutes "serious" criminal conduct, nor has this court done so. *See United States v. Estrada*, 31 F. App'x 158, *1 (5th Cir. 2001). Given the lack of any guidance from this court on what constitutes serious criminal conduct in this context, the district court could not have committed plain error. *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005) (where law was unsettled, error could not be plain).

Moreover, the district court addressed the stale convictions in the context of a permissible basis for departure: that Akbar' guidelines range did not capture his likelihood of recidivism. Akbar has therefore failed to show that the district court plainly erred in relying on his stale convictions to upwardly depart. *See Olano*, 507 U.S. at 731-37.

Akbar also challenges the extent of the upward departure. In the district court, Akbar did not object to the extent of the departure; therefore, review is for plain error. *See id.* The extent of the departure from a guidelines range of 15-21 months to a sentence of 36 months of imprisonment is well within the range of departures this court has upheld. *See United States v. Smith*, 417 F.3d 483, 492-93 & n. 40 (5th Cir. 2005) (upholding departure from 41 months to 120 months, an increase of 79 months and nearly 300%, and citing cases upholding even greater departures); *United States v. Jones*, 444 F.3d 430, 433, 442-43 (5th Cir. 2006) (upholding departure from guidelines range of 46-57 months to 120

months, a more than 200% increase). Akbar has not shown plain error. *See Olano*, 507 U.S. at 731-37.

AFFIRMED.