# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30161

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

RODNEY LAVALAIS, also known as Whyte Lavalais,

   Defendant - Appellant

―――――――――――

Appeal from the United States District Court for
the Eastern District of Louisiana

―――――――――――

Before SMITH, GRAVES, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

   Convicted felons are prohibited from possessing firearms—and anyone who "knowingly violates" this prohibition may be imprisoned up to 10 years. 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Supreme Court recently construed these provisions to require, for the first time, that the prosecutor prove not only that the felon knows he is possessing a firearm—but that the felon also knows he is a convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019).

   Prior to *Rehaif*, countless felons pleaded guilty under § 922(g)(1) without ever objecting that the Government should be required to prove they knew they were convicted felons. Accordingly, it is undisputed that they must overcome plain error review if they wish to object now under *Rehaif* for the first time on

No. 19-30161

appeal. *See* FED. R. CRIM. P. 52(b). That is, the defendant must prove not only that the court plainly erred, but that the error "affected his substantial rights, *i.e.*, caused him prejudice"—typically, by "affect[ing] the outcome of the district court proceedings"—and that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 133, 135 (2009) (quotations omitted).

The circuits are already split over how *Rehaif* claims should be analyzed for plain error. The Fourth Circuit has held that *Rehaif* error is structural error, warranting reversal even in the absence of evidence of prejudice. *See United States v. Gary*, 954 F.3d 194, 203 (4th Cir. 2020). But we have held the opposite—that defendants must show that any error under *Rehaif* actually prejudiced the outcome. *See United States v. Hicks*, __ F.3d __ (5th Cir. May 8, 2020).

Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants." *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting).

This case is no exception. Accordingly, we affirm.

## I.

Police officers in Kenner, Louisiana conducted a sting operation on an illegal prostitution business. They located the contact information for an escort, Chyna, and arranged a meeting with her. An undercover detective met with Chyna and gave her $300 for her services. But before the police could

No. 19-30161

arrest her, Chyna fled in a silver Ford Explorer. So the detectives wrote down the license plate number of the car. And they later determined that the Ford Explorer was rented from Avis—by Rodney Lavalais.

The officers set up a second meeting with Chyna. That time, they arrested her as well as her driver—Lavalais. The officers then executed a search warrant on the vehicle and found a loaded Glock pistol near the driver's seat.

Detectives subsequently learned that the Glock was purchased not by Lavalais, but by another individual. That person had also rented a car from Avis. But the renter let Lavalais drive the rental car, while leaving her belongings in the car—including her Glock. Lavalais never returned either the car or the Glock to her.

Avis later found the vehicle at the address listed on Lavalais's Louisiana identification. When Avis contacted the renter to inform her that the company had found her rental car, she asked if Avis had also found her Glock. In her email to Avis, she asked "if [the Glock] was recovered"—and stated that "if not I have to file a police report that it is missing."

Lavalais pleaded guilty for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He signed a factual resume admitting that he possessed a firearm, that the firearm traveled in and affected interstate commerce, and that he had been convicted of a felony in 2008. At his rearraignment, the district court recited the elements of the offense, stating that the Government would need to prove (1) that he knowingly possessed a firearm; (2) that he had been convicted of a crime punishable by a term of imprisonment greater than one year prior to that possession; and (3) and that the firearm traveled in or affected interstate commerce—but not, as *Rehaif* now requires, that he *knew* he was a convicted felon at the time he possessed the firearm. Lavalais stated that he understood the charges and elements.

3

No. 19-30161

The judge read the factual basis into the record, and Lavalais admitted those facts were true.

The presentence report assigned Lavalais a base offense level of 14. U.S.S.G § 2K2.1(a)(6)(A). The PSR applied a two-level increase because the firearm was stolen, U.S.S.G. § 2K2.1(b)(4)(A); a four-level enhancement for using the gun while engaging in the activity of another felony—commercial sex trafficking, U.S.S.G. § 2K2.1(b)(6)(B); and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), (b). That added up to a total offense level of 17. The PSR also found a criminal history category of III, leading to an advisory Guidelines range of 30 to 37 months in prison.

Lavalais objected to the PSR on multiple grounds. First, he argued the firearm was not stolen. He also objected to the four-level enhancement for using a firearm while in commission of sex trafficking.

After Lavalais's objection, the Government sought and received a two-level increase for obstruction of justice. With a total offense level of 19 and a criminal history category of III, the advisory guidelines range was 37 to 46 months. The Government then sought an upward departure due to the seriousness of his offense, the number of his previous arrests, and the circumstances of his most recent arrest, as well as to reflect his disrespect for the law, his danger to the community, and the nature of his crime, and to protect the community from further crimes. The probation officer updated his criminal history category, first to category VI, and then to category V, resulting in a Guidelines range of 57 to 71 months.

The district court alerted Lavalais that it was considering an upward departure under U.S.S.G. § 4A1.3(a), or alternatively, an upward variance, for reasons set forth in 18 U.S.C. § 3553(a).

At sentencing, Lavalais again raised his objections to the PSR. The district court agreed that the four-level enhancement was not warranted. It

then determined that the Government had established by a preponderance of the evidence that Lavalais intended to deprive the firearm's true owner of her Glock, so it kept the two-level enhancement for the stolen firearm. The court also applied the obstruction enhancement. With a total offense level of 15 and a criminal history category of V, the advisory Guidelines range was 37 to 46 months.

The district court then determined that a sentence above the advisory Guidelines range was necessary. On that basis, the court concluded a base offense level of 22 and criminal history category of VI provided an appropriate Guidelines range—and settled on a sentence of 105 months, followed by three years of supervised release. The court explained that, even if it erred in imposing an upward departure under § 4A1.3, it would have ordered a non-Guidelines sentence identical to the one imposed. In the alternative, it imposed the same sentence by way of an upward variance under § 3553(a).

Lavalais objected to the sentence as unreasonable and brought this timely appeal.

## II.

Because Lavalais did not preserve his challenge to the validity of the guilty plea, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). To reverse under plain error review, we must find (1) an error, (2) that is clear or obvious, and (3) that affects the defendant's substantial rights. If those conditions are met, the court may exercise its discretion to grant relief if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997). The defendant has the burden to demonstrate that all four prongs of plain error review are met. *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

To the extent Lavalais argues his indictment is fatally defective because it did not contain an element of the offense under § 922(g), he failed to preserve

No. 19-30161

that claim by pleading guilty. *Class v. United States*, 138 S. Ct. 798, 804–05 (2018); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012–13 (5th Cir. 2008). Unpreserved errors concerning the plea colloquy under Federal Rule of Criminal Procedure 11(b) are reviewed for plain error. *United States v. Davila*, 569 U.S. 597, 609–11 (2013).

This court reviews errors in interpreting and applying the sentencing guidelines de novo. *United States v. White*, 465 F.3d 250, 252 (5th Cir. 2006). Factual findings are reviewed for clear error. *United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990). We review the reasonableness of a sentencing decision for abuse of discretion. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

### III.

After Lavalais pleaded guilty, the Supreme Court interpreted 18 U.S.C. §§ 922(g) and 924(a)(2) to require proof that the defendant knew he was a felon (or some other person covered by § 922(g)). *Rehaif*, 139 S. Ct. at 2194. At the time of Lavalais's plea, by contrast, the district court did not list that knowledge requirement as an element—consistent with the precedent of our circuit and every other circuit at the time, *see id.* at 2210 (Alito, J., dissenting) (collecting cases).

*Rehaif* applies to cases on direct appeal, such as this case. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). And the Government concedes that failure to inform Lavalais of the knowledge element as required in *Rehaif* is an obvious error. So the issue is whether Lavalais can satisfy both the third and fourth prongs of plain error review. He cannot.

Lavalais cannot show how the *Rehaif* error affected his substantial rights—that is, he cannot demonstrate "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004) (quotations

omitted).  That is because, as we held in *Hicks*, Lavalais cannot show "there is a reasonable probability that he would not have pled guilty had he known of *Rehaif*." __ F.3d at __.

In his factual basis, Lavalais admitted that he was a felon convicted of a crime punishable by more than one year.  He admitted this again at his rearraignment.  And the PSR listed his prior felony offense and its two-year sentence.  Moreover, there is no indication anywhere in the record—nor does he bother to suggest on appeal—that his prior felony conviction was somehow new information that he did not know at the time he possessed the firearm, or that the absence of this information in any way impacted his decision to plead guilty.  Indeed, if anything there is evidence to the contrary—the PSR observed that, shortly after his arrest for unlawful possession of a firearm by a felon, Lavalais asked Chyna to claim (falsely) that she owned the gun.  Why would he do that?  Presumably because he knew full well that he was a convicted felon prohibited from possessing a firearm.  As in *Hicks*, the evidence here is "overwhelming that" Lavalais "knew he was a felon when he possessed the firearm[] at issue." __ F.3d at __.

The Fourth Circuit has held that none of this should matter, because we should treat *Rehaif* error as structural error, thereby alleviating Lavalais of the burden to demonstrate prejudice.  We rejected this proposition in *Hicks*.  In doing so, we of course acknowledge that the Supreme Court has recognized three narrow categories of "structural error," requiring "automatic reversal without any inquiry into prejudice": (1) when "the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest," (2) when the error's effects are "simply too hard to measure"— for example, when a criminal defendant is denied the right to select his own attorney, and (3) when "the error always results in fundamental unfairness"— such as when "an indigent defendant is denied an attorney." *Weaver v.*

*Massachusetts*, 137 S. Ct. 1899, 1905–08 (2017). We see no basis for fitting *Rehaif* error into any of these categories, and Lavalais articulates none.

For its part, the Fourth Circuit justified its treatment of *Rehaif* error as structural by invoking two Supreme Court cases that found a guilty plea to be invalid—*Bousley v. United States*, 523 U.S. 614 (1998), and *Henderson v. Morgan*, 426 U.S. 637 (1976). *Gary*, 954 F.3d at 203. But neither *Bousley* nor *Henderson* even mentions structural error in their analyses. Nor did the Court cite either case in its survey of structural error cases in *Weaver*. 137 S. Ct. at 1908. *Gary* tries to fit *Rehaif* error into *Weaver*'s second category of structural error—when an error's effects are too hard to measure. 954 F.3d at 206. We disagree. Indeed, the Fourth Circuit gets the analysis exactly backwards. If the effects of *Rehaif* error are too hard to measure, it's because it's almost always harmless—because convicted felons typically know they're convicted felons.

And there's also the matter of the fourth and final prong of plain error review. Any error under *Rehaif* does not remotely—let alone seriously—affect the fairness, integrity, or public reputation of judicial proceedings. As we said in *Hicks*: "We see nothing unfair about affirming [a defendant's] conviction when the record contains substantial evidence that he knew of his felon status." __ F.3d at __. "[W]e cannot say that upholding [the] conviction would adversely affect the public reputation of the judicial proceedings even if he had demonstrated that the failure to inform him of the knowledge of felon status requirement was prejudicial." *Id.*

It is difficult to reconcile the Fourth Circuit's contrary ruling in *Gary* with the requirements of plain error review, as repeatedly articulated by the Supreme Court and as codified in Federal Rule of Criminal Procedure 52(b). Indeed, the Supreme Court has expressly "cautioned" courts against creating any "exception" to the requirements of Rule 52(b)—"an exception which we

have no authority to make." *Johnson,* 520 U.S. at 466. Respect for the requirements of plain error review forecloses the path taken by the Fourth Circuit in *Gary*.

## IV.

We now turn to, and reject, Lavalais's various challenges to his sentence.

### A.

A defendant's offense level is increased by two if "any firearm [] was stolen." U.S.S.G. § 2K2.1(b)(4)(A). The Guidelines do not define the term "stolen," and the Fifth Circuit has not previously addressed the issue. But other circuits have. *See United States v. Colby*, 882 F.3d 267, 272 (1st Cir. 2018) (defining "stolen" broadly); *United States v. Bates*, 584 F.3d 1105, 1109 (8th Cir. 2009) ("Considering the context of § 2K2.1(b)(4), we conclude that it likewise requires a broad interpretation of 'stolen.'"); *United States v. Jackson*, 401 F.3d 747, 748–50 (6th Cir. 2005) (defining "stolen" broadly). Consistent with the precedents of these other circuits, we hold that the firearm unlawfully possessed by Lavalais was indeed "stolen" for purposes of the Sentencing Guidelines.

Lavalais contends that the gun was only "missing, not stolen." But he took the firearm knowing he was not its rightful owner and made no attempt to return it. The district court properly found that to be sufficient to establish, by a preponderance of the evidence, that Lavalais intended to deprive the owner of the rights and benefits of owning the gun. *See also Jackson*, 401 F.3d at 750. He took the Glock from the car without permission and did not let its true owner know of its whereabouts. After Avis recovered the missing vehicle, the gun owner emailed Avis because she was worried that her gun had been stolen. There is no evidence that Lavalais ever asked her for permission to possess the firearm, or that she ever gave such permission. To the contrary,

after his arrest, Lavalais asked another person, Chyna, to falsely claim that she owned the Glock.

Lavalais's intended deprivation of the rights and benefits of ownership of the gun deems the firearm "stolen" for purposes of the Sentencing Guidelines. *See, e.g., Jackson*, 401 F.3d at 748–49. Accordingly, we affirm the two-level sentencing enhancement imposed by the district court.

## B.

Lavalais claims that his sentence is both procedurally and substantively unreasonable.

Our court recognizes three types of reasonable sentences: (1) a sentence within the guidelines range; (2) a departure based on the guidelines; and (3) a non-guidelines sentence or variance based on the § 3553(a) factors. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). In assessing reasonableness on appeal, the court first must find no significant procedural error by the district court. *Id.*; *see Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, the court may then review the substantive reasonableness of the sentence. *Cisneros-Gutierrez*, 517 F.3d at 764; *see Gall*, 552 U.S. at 51.

A district court may consider many factors when determining whether an upward departure is appropriate under § 4A1.3, such as whether "the defendant has been afforded extreme leniency by a sentencing court," *United States v. Lee*, 358 F.3d 315, 328 (5th Cir. 2004), and a defendant's "lack of deterrence[] and continued criminal activity," *United States v. Vargas-Soto*, 700 F.3d 180, 184 (5th Cir. 2012).

The district court was well aware of Lavalais's continuous criminal history. It detailed his extensive crimes since he was twenty-one years old, and specifically called for a harsher sentence to ensure the safety of the community. The PSR includes convictions of knowingly proffering false ID to

purchase a firearm at the age of twenty-one; possession of marijuana and drug paraphernalia at the age of twenty-four; soliciting prostitutes at the age of thirty; and, also at thirty, simple assault, theft, battery and violating a protective order on a dating partner. The present case resulted from events soon after. Continuous criminal activity may justify an upward departure under § 4A1.3. *See id.*

The longest sentence imposed on Lavalais for his various convictions is the 105-month sentence in this case. His conclusory assertion that the district court misconstrued his prior sentences as too lenient gives no legal basis for relief. *See Lee*, 358 F.3d at 328–29.

Even if the upward departure was improper, the error is harmless because the heightened sentence was imposed as a variance as well. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

We next assess whether his sentence was substantively reasonable. Our "review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (cleaned up). A sentence is substantively unreasonable if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Lavalais's sentence is substantively reasonable. In imposing the sentence, the district court specifically considered the § 3553(a) factors. It also stated that the sentence was based on the underrepresentation of the seriousness of the circumstances of this offense and the likelihood that the defendant would commit more crimes.

No. 19-30161

The Fifth Circuit has upheld an upward variance on the need to deter future criminal conduct and to protect the public. *United States v. Fraga*, 704 F.3d 432, 439–41 (5th Cir. 2013). And it has upheld departures of similar or greater magnitudes. *See, e.g.*, *Brantley*, 537 F.3d at 348–50 (affirming an upward departure or variance of 180 months on a top-guidelines range of 51 months). Nothing in the record demonstrates the district court abused its discretion in this case in imposing the 105-month sentence. *See Diehl*, 775 F.3d at 724–25.

**\* \* \***

For the foregoing reasons, we affirm.