# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2020

Lyle W. Cayce
Clerk

No. 19-51088
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Octavio Gutierrez-Arciniega,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-162-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Octavio Gutierrez-Arciniega appeals the 27-month sentence imposed following his guilty-plea conviction for illegal reentry. Although his advisory guidelines range was 10 to 16 months, the district court departed upwardly pursuant to U.S.S.G. § 4A1.3, which authorizes upward departures "[i]f

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-51088

reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" § 4A1.3(a)(1), p.s. Gutierrez-Arciniega challenges the decision to depart as well as the substantive reasonableness of his sentence.

Our analysis necessarily begins with the claim of procedural error. *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). In applying § 4A1.3, the district court took account of numerous convictions that received no criminal history points because of their age. Gutierrez-Arciniega objects to this based on commentary to § 4A1.2 which states that if a prior sentence is too old to be counted but is "evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3[.]" U.S.S.G. § 4A1.2, comment. (n.8). He argues that his uncounted convictions were not a valid basis for departure because the conduct they reflect is dissimilar to his present offense and not serious.

Because Gutierrez-Arciniega did not present this argument to the district court, we review it for plain error only. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018); *United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). A defendant establishes plain error by showing (1) error (2) that is clear or obvious, and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If these showings are made, this court has discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

For purposes of § 4A1.2, comment. (n.8), the definition of "serious" criminal conduct remains unsettled in this circuit, *see United States v. Akbar*, 328 F. App'x 923, 924-25 (5th Cir. 2009); and where the law is unsettled, "any error cannot be plain," *United States v. Fields*, 777 F.3d 799, 805 (5th

Cir. 2015). Furthermore, the record indicates the district court relied not only on the uncounted convictions but also on the fact that Gutierrez-Arciniega had continued to offend more recently. *Cf. United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020) (noting that lack of deterrence and continued criminal activity are among the factors a court may consider when weighing an upward departure under § 4A1.3). We accordingly conclude that the district court did not plainly err in granting the departure. *See Puckett*, 556 U.S. at 135.

Gutierrez-Arciniega also challenges the substantive reasonableness of his sentence, an issue he preserved by requesting a lower sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). This court applies an abuse-of-discretion standard in reviewing for substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the record shows the district court considered all relevant information and arguments as well as the sentencing factors in 18 U.S.C. § 3553(a). There is no indication it relied on an irrelevant or improper factor. While Gutierrez-Arciniega again objects to the district court's consideration of his full criminal history, a sentencing court is not only permitted but required to consider "the history and characteristics of the defendant," § 3553(a)(1), and disagreement with how the court weighed relevant factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) (footnote omitted). "Moreover, the mere fact that the upward departure nearly doubled the Guidelines range does not render it unreasonable." *United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005); *cf. United States v. Zuniga-Peralta*, 442 F.3d 345, 346-48 (5th Cir. 2006) (affirming a 60-month sentence following departure from a range of 27-33 months).

AFFIRMED.