# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2020

Lyle W. Cayce
Clerk

No. 20-10136
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANDRA DOYLE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-306-1

Before KING, SMITH and WILSON, *Circuit Judges*.

PER CURIAM:*

Sandra Doyle appeals the 36-month sentence and one-year term of supervised release imposed after she pleaded guilty to misprision of felony, in violation of 18 U.S.C. § 4. Doyle argues that district court erred (1) in denying her a two-level safety-valve reduction, pursuant to U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 2D1.1(b)(18), because the Government's determination that she was being untruthful during her interview was not based on evidence but on an agent's mere belief; (2) in denying her a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, based on its perception that she denied relevant conduct; and (3) in violating her due process rights by relying on an allegedly inaccurate and unreliable summary of her safety valve interview.

The decision whether to grant a safety-valve adjustment is a factual finding reviewed for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). Any error in the district court's denial of a safety-valve adjustment would be harmless because it would not affect the calculation of Doyle's guidelines range. *United States v. Chon*, 713 F.3d 812, 822 (5th Cir. 2013). Accordingly, we decline to address this issue.

We will affirm a district court's decision to deny a defendant a guideline reduction for acceptance of responsibility "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 140 S. Ct. 320 (2019). Although a defendant is "not required to volunteer or affirmatively admit relevant conduct beyond the conviction offense," she may not "falsely deny or frivolously contest relevant conduct that the court determined to be true." *United States v. Patino-Cardenas*, 85 F.3d 1133, 1135 (5th Cir. 1996). In denying Doyle an acceptance of responsibility reduction, the district court explicitly asserted that Doyle had falsely denied relevant conduct that it had determined was true. Accordingly, Doyle cannot demonstrate that the denial of an acceptance of responsibility reduction was without foundation. *Lord*, 915 F.3d at 1017.

No. 20-10136

Because Doyle did not raise a due process claim before the district court, review is for plain error only. *United States v. Ayelotan*, 917 F.3d 394, 400 (5th Cir.), *cert. denied*, 140 S. Ct. 123 (2019). The district court provided a detailed explanation for its rulings and specifically asserted that it did not rely solely on the summary of Doyle's safety-valve interview but had analyzed the totality of the evidence to corroborate its conclusions. Moreover, Doyle (1) does not provide any evidence beyond mere supposition to support her contention that the summary was inaccurate and unreliable and (2) does not address all four prongs of the plain error standard. Accordingly, Doyle has not shown that the district court committed error, plain or otherwise. *Id.*; *see also United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) ("The defendant has the burden to demonstrate that all four prongs of plain error review are met."), *petition for cert. filed* (U.S. Aug. 20, 2020) (No. 20-5489).

AFFIRMED.

3