# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

No. 20-60113
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN BEASLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-267-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jonathan Beasley was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). A police officer initially responded to a complaint that Beasley was involved in a domestic disturbance but later learned that Beasley had been in a car accident at a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60113

nearby gas station.  After smelling burnt marijuana near the disabled vehicle, the police officer opened the vehicle door and observed a firearm under the front passenger seat.  The district court sentenced Beasley to 60 months of imprisonment and imposed a three-year term of supervised release.

First, Beasley argues that the district court erred in not granting his motion to suppress the seized firearm because the search-incident-to-arrest exception to the warrant requirement does not apply.  When reviewing a district court's ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party and review factual findings for clear error and the legality of police conduct de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).  We may affirm the decision on any basis supported by the record.  *Id.*

Even if we assume, as Beasley argues, that the search of his vehicle was not justified as a search incident to his arrest, the police officer still had probable cause to search the car in light of his testimony that he smelled burnt marijuana as he approached Beasley's disabled vehicle to investigate the accident.  *See United States v. Fields*, 456 F.3d 519, 523-24 (5th Cir. 2006); *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995).  Beasley does not dispute that there was a burnt marijuana smell coming from his vehicle on the night of his arrest.  Therefore, in light of the totality of the circumstances, the district court did not err in denying his motion to suppress the firearm.  *See Pack*, 612 F.3d at 347; *Fields*, 456 F.3d at 523-24.

Second, Beasley argues that the district court erred in denying his requested jury instruction that the Government was required to prove that he had knowledge that he was prohibited from possessing a firearm.  He contends that *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), requires not just proof of his knowledge that he possessed a firearm and was a felon at

2

No. 20-60113

the time of possession, but also proof that he knew that the law prohibited felons from possessing firearms.

We review the refusal to issue a jury instruction for abuse of discretion. *United States v. Orji-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008). The district court errs in rejecting a proposed instruction only if the instruction (1) was substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concerned an important issue in the trial so that the failure to give it seriously impaired the defendant's ability to present a given defense. *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002).

Beasley provides no jurisprudential support for his argument that *Rehaif* requires proof that he knew that the law prohibited his possession of a firearm. Moreover, when we have addressed *Rehaif*, we have never extended the decision beyond requiring that the Government prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200; *see, e.g., United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *petition for cert. filed* (U.S. Aug. 20, 2020) (No. 20-5489); *United States v. Huntsberry*, 956 F.3d 270, 281 (5th Cir. 2020). The instruction provided by the court complied with the mandate set forth in *Rehaif*. *See Rehaif*, 139 S. Ct. at 2200. Therefore, the district court did not abuse its discretion in rejecting Beasley's special jury instruction. *See Orji-Nwosu*, 549 F.3d at 1008.

AFFIRMED.