# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2021

Lyle W. Cayce
Clerk

No. 20-40249

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier J. Trevino,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-897-1

Before Wiener, Dennis, and Duncan, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

To convict a defendant of a felon-in-possession charge under 18 U.S.C. § 922(g), the Government must prove that the defendant both (1) knew he possessed a firearm and (2) knew he had the relevant (*i.e.*, felon) status when he possessed it. *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Javier J. Trevino, who was convicted by a jury of being a felon in possession of firearms, contends the Government must also prove he knew that as a felon, he was prohibited from possessing firearms. We reject this argument and AFFIRM Trevino's conviction and sentence.

No. 20-40249

Trevino was arrested in 2016 for sexual assault of a minor after his wife reported that Trevino had been sexually assaulting her daughter, Trevino's stepdaughter, for years. The stepdaughter told investigators that Trevino gave her pornographic videos. Law enforcement obtained a warrant to search Trevino's residence and seize evidence of the display of harmful material to a minor, sexual assault, and child pornography. Upon execution of the warrant, officers found 141 firearms and over three thousand pounds of ammunition. A superseding indictment charged Trevino with one count of being a felon in possession of 122 firearms in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).[1] Before trial, Trevino moved to suppress the evidence discovered as part of the search, on the grounds that the search warrant was based on speculative and conclusory information and therefore insufficiently supported by probable cause. The district court denied the motion because the judge who approved it had not only a substantial basis, but "actual probable cause to investigate the offenses." It also concluded there was "no question that the good faith exception would kick in," and moreover, the evidence found was in plain view.[2]

---

[1] In 1987, Trevino was convicted of failing to properly complete firearms records and of making false statements and entries on Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) forms in violation of 18 U.S.C. §§ 371, 922(m). Charges related to Trevino's alleged possession of child pornography and sexual abuse of his stepdaughter were not included in this indictment.

[2] An officer who searched the house testified that when he opened the door, he saw "a bunch of mannequins that had weapons on them," which were "right there in plain view." The court later remarked that this was "perhaps an extreme example" of the plain view exception to the warrant requirement. This exception "allows officers to seize evidence in plain view if they are lawfully in the position from which they view the evidence, the incriminating nature of the evidence is immediately apparent, and the officers have a lawful right of access to the evidence." *United States v. De Jesus-Batres*, 410 F.3d 154, 159 (5th Cir. 2005).

No. 20-40249

At trial, Trevino sought to introduce evidence establishing his lack of knowledge that he was a person prohibited from possessing firearms. The court declined his request to introduce evidence of the conditions of supervised release for his prior felony conviction (which, unlike current federal standard conditions, did not contain notice that he could not possess firearms), despite Trevino's argument that the evidence "goes . . . to knowledge that he is a prohibited person." The court explained the Government was required to prove that Trevino knew he had a prior felony conviction, "not that [he] knew [he] couldn't possess a firearm." Accordingly, the court instructed the jury that the Government must prove "that before the Defendant possessed the firearm the Defendant had been convicted in court of a crime punishable by imprisonment for a term in excess of one year; [and] that at the time of the charged act the Defendant knew that he had been convicted of such an offense." Trevino did not object to this instruction.

The jury ultimately convicted Trevino of being a felon in possession. The district court sentenced him to 60 months' imprisonment and three years of supervised release. Trevino appeals.

On appeal, Trevino argues that the district court erred in failing to instruct the jury that the Government was required to prove he knew he was prohibited from possessing a firearm.[3] In his view, *Rehaif*, 139 S. Ct. at 2200,

---

[3] Trevino raises two other issues. First, he challenges the district court's denial of his motion to suppress, maintaining the judge who issued the warrant relied on misleading information in the affidavit and that "the facts reek of a 'set up.'" But below Trevino argued that the affidavit failed to establish probable cause on its face and that the affiant recklessly omitted material information, not that the affiant included false or misleading facts in the affidavit. Trevino did not raise his current argument before the district court, and arguments raised for the first time on appeal are waived. *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 273 n.20 (5th Cir. 2020). Even had he raised it previously, Trevino has waived it on appeal by citing no legal authorities or relevant

demands the Government establish not only that he knew that he possessed a firearm and was a felon at the time of possession, but also that he knew that the law prohibited felons from possessing firearms.

We review the district court's jury instructions for abuse of discretion. *United States v. Sila*, 978 F.3d 264, 267 (5th Cir. 2020). The district court errs in rejecting a proposed instruction only if the instruction (1) was substantially correct, (2) was not substantially covered in the charge given to the jury, and (3) concerned an important issue in the trial so that the failure to give the instruction seriously impaired the defendant's ability to present a given defense. *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002).

At bottom, Trevino's defense is not that he lacked knowledge of the facts that constitute the offense, but rather that he was unaware that federal law prohibits felons from possessing firearms. He provides no jurisprudential support for this argument, nor can we locate any in *Rehaif* itself. As the Supreme Court noted in *Rehaif*, "the well-known maxim that ignorance of the law . . . is no excuse . . . . normally applies where a defendant has the requisite mental state in respect to the elements of the crime but claims to be unaware of the existence of a statute proscribing his conduct." 139 S. Ct. at 2198 (quotations omitted). The Court went on to explain that this maxim does not apply where a mistake "concerning the legal effect of some collateral matter . . . negat[es] an element of the offense." *Id.* (quotations omitted). Thus, for instance, an individual who mistakenly believes he is not within a prohibited class—such as a "defendant who does not know that he is an

---

portions of the record. *See* FED. R. APP. P. 28(a)(8)(A); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). Second, Trevino argues the district court erroneously denied his request for a six-level reduction under United States Sentencing Guidelines § 2K2.1(b)(2). However, he correctly concedes in his reply brief that he was not eligible for the reduction. *See* U.S. SENT'G GUIDELINES MANUAL § 2K2.1(b)(2) & cmt. 6 (U.S. Sent'g Comm'n).

"alien 'illegally or unlawfully in the United States'" — "does not have the guilty state of mind that the statute's language and purposes require." *Id.* at 2198; *see also United States v. Robinson,* 982 F.3d 1181, 1186 (8th Cir. 2020) (recognizing "[a]fter *Rehaif,* it may be that a defendant who genuinely but mistakenly believes that he has had his individual rights restored has a valid defense to a felon-in-possession charge"). But a mistake concerning a defendant's knowledge that the law prohibits convicted felons from possessing firearms does not negate any element of the offense. *See Rehaif,* 139 S. Ct. at 2195–96 (listing offense elements as: "(1) a status element"; "(2) a possession element"; "(3) a jurisdictional element"; and "(4) a firearm element").

Our cases applying *Rehaif* have not required the Government to prove knowledge of the statutory prohibition contained in § 922(g). *See United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) (interpreting *Rehaif* to require "not only that the felon knows he is possessing a firearm—but that the felon also knows he is a convicted felon"), *petition for cert. filed* (U.S. Aug. 20, 2020) (No. 20-5489); *United States v. Huntsberry*, 956 F.3d 270, 281 (5th Cir. 2020) (considering under *Rehaif* whether defendant "knew his status as [a] felon when he possessed the guns"). And our sister circuits have uniformly rejected the argument that *Rehaif* requires such proof.[4]

---

[4] *See United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020) (rejecting argument that defendants must "know that it was a crime to possess a firearm as a result of their prohibited status" (emphasis omitted)); *Robinson*, 982 F.3d at 1187 ("*Rehaif* did not alter the well-known maxim that ignorance of the law (or a mistake of law) is no excuse."(quotations omitted)); *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020) ("[T]he Government must prove only that [defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups."); *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020) ("[T]hat a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular [prohibited] status."); *see also United States v. Bryant*, 976 F.3d

The district court instructed the jury that the Government had to prove: (1) Trevino knowingly possessed a firearm; (2) he had been convicted previously of a felony; (3) at the time of possession, he knew he had a prior felony conviction; and (4) the firearm possessed traveled in interstate commerce. The instructions therefore complied with the rule set forth in *Rehaif*. 139 S. Ct. at 2200. The district court "clearly instruct[ed] jurors as to the relevant principles of law" and therefore did not abuse its discretion in rejecting Trevino's request for a special jury instruction. *See Sila*, 978 F.3d at 267 (quotation omitted).

AFFIRMED.

---

165, 172–73 (2d Cir. 2020) (noting that "a felon need not specifically know that it is illegal for him to possess a firearm under federal law").