# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2021

Lyle W. Cayce
Clerk

No. 20-50789
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICKY RIVERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-283-13

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Ricky Rivera appeals the 264-month sentence imposed following his guilty plea conviction for conspiring to possess with intent to distribute and distribution of methamphetamine. Although his advisory guidelines range was 151 to 188 months of imprisonment, the district court departed upwardly

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

pursuant to, inter alia, U.S.S.G. § 4A1.3. Rivera challenges the procedural and substantive reasonableness of his sentence. This court need not decide the appropriate standard that applies to the issues Rivera raises on appeal, because Rivera's claims fail even under the less deferential standards of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

First, Rivera argues that the district court erred in imposing such a substantial upward departure without moving incrementally through the sentencing table as dictated by § 4A1.3(a)(4)(B). However, as Rivera concedes, the sentencing court need not go through a ritual of addressing and then rejecting each intermediate adjustment on the sentencing table before imposing its sentence and did not err in failing to expressly do so. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). The district court gave appropriate reasons for the departure, which is sufficient. *See id.*

Second, Rivera challenges the substantive reasonableness of his sentence. In reviewing a properly preserved challenge to the substantive reasonableness of an upward departure, this court evaluates both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *Id.* at 347 (internal quotation marks and citation omitted). Here, the record shows the district court considered all relevant information and arguments as well as the sentencing factors in 18 U.S.C. § 3553(a). There is no evidence that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Rivera's disagreement with how the court weighed relevant factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) (footnote omitted). Moreover, as to the extent of the departure, this court has upheld greater upward departures. *See United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995); *United States v.*

No. 20-50789

*Lavalais*, 960 F.3d 180, 189-90 (5th Cir. 2020), *cert. denied*, 2021 WL 2519200 (U.S. June 21, 2021) (No. 20-5489).

The judgment of the district court is AFFIRMED.