# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

No. 22-20232
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Broderick John Thompson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-462-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Broderick John Thompson pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute methamphetamine. On appeal, he argues that the district court procedurally erred by departing upward under U.S.S.G. § 4A1.3, p.s., to impose

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concurrent 90-month sentences, and he asserts that there is a clerical error in the written judgment.

Thompson's lenient prior sentences and continuous criminal activity were proper factors for the district court to consider when departing upward under § 4A1.3.  *See United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020).  The district court did not procedurally err by going beyond the categories of information listed under § 4A1.3(a)(2), *see Lavalais*, 960 F.3d at 189; *United States v. Cantu-Dominguez*, 898 F.2d 968, 970 (5th Cir. 1990), and the fact that all of Thompson's adult criminal convictions received criminal history points did not preclude the district court from finding that his criminal history category substantially underrepresented his risk of recidivism, *see* § 4A1.3(a)(1) & comment. (backg'd.).  His reliance on *United States v. Martinez-Perez*, 916 F.2d 1020 (5th Cir. 1990), to show procedural error is unavailing because the district court here articulated valid reasons for departing upward under § 4A1.3.

However, we agree with the parties that there is a clerical error in Thompson's written judgment that may be corrected under Federal Rule of Criminal Procedure 36.  *See United States v. Cooper*, 979 F.3d 1084, 1088-89 (5th Cir. 2020).  The written judgment states that the felon-in-possession offense ended on February 19, 2019, but this date conflicts with the indictment, which states that this offense occurred on February 19, 2021.

For the foregoing reasons, we AFFIRM the judgment of the district court but REMAND the case for correction of the judgment under Rule 36 to reflect that the felon-in-possession charge ended on February 19, 2021.