# United States Court of Appeals for the Fifth Circuit

---

No. 22-11066
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WALTER LEONARD JENKINS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-155-1

---

Before KING, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Walter Leonard Jenkins appeals his 60-month sentence for possessing a firearm as a convicted felon. Although the advisory guidelines range was 30 to 37 months of imprisonment, the district court applied an upward departure pursuant to U.S.S.G. § 4A1.3. Jenkins challenges the procedural reasonableness of his sentence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11066

First, Jenkins argues that the court's statement that he continued to engage in criminal activity while on supervision is clearly erroneous as a factual matter. Jenkins did not object to the procedural reasonableness of his sentence in the district court. Thus, we review the procedural reasonableness of the sentence for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362-64 (5th Cir. 2009). While the presentence report stated that Jenkins's parole records did not reveal any filed violations, it detailed that he was twice arrested and convicted in 2014 while on parole for his 2012 burglary. Then, in 2017 and 2018, he was again arrested and convicted twice while serving parole for his 2015 assault. The court thus did not err in finding that Jenkins engaged in criminal activity while on supervision. *See United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020).

Second, Jenkins asserts that the district court factually erred in finding that his criminal conduct has continued to escalate to involve violence and firearms. But as a juvenile in 2001, Jenkins committed a burglary. When he turned 18, he committed two assaults. He then committed another burglary in 2012 and another assault in 2015. Finally, three years after his release from prison, Jenkins beat his teenage son and possessed a firearm, leading to his instant conviction. Jenkins's prior sentences were not considered as relevant conduct, and he did not receive any adjustments to his base offense level because of them. Thus, the district court was free to consider his firearm possession in deciding whether to depart, and Jenkins possessing a firearm with his criminal history demonstrated a "lack of deterrence and continued criminal activity," which are proper grounds for departing under § 4Al.3. *Lavalais*, 960 F.3d at 189.

Finally, Jenkins argues that the statute of conviction, 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause. As he concedes,

No. 22-11066

his argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

Accordingly, the judgment of the district court is AFFIRMED.