# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30152
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Leslie Fulwiler,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-130-1

---

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Leslie Fulwiler pleaded guilty to one count of possession of firearms by a convicted felon under 18 U.S.C. § 922(g)(1). In accordance with the plea agreement, the remaining count of his indictment was dismissed. The district court sentenced him above his guidelines range to 60 months of imprisonment, to run concurrently to any sentence imposed for a pending,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

related state charge.  The district court also imposed three years of supervised release.  Fulwiler filed a timely notice of appeal.

On appeal, Fulwiler raises two issues.  The first one is a challenge to his conviction on the ground that § 922(g)(1) violates the Second Amendment pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  He admits that he failed to raise this argument to the district court, accordingly, we review this challenge under plain error.  Under the plain error standard, Fulwiler must show a forfeited error that is clear or obvious and affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court should exercise its discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018).

He appears to be making a facial challenge to § 922(g)(1).  Since *Bruen*, we have not ruled on a facial or as-applied challenge to § 922(g)(1) in our circuit, and no circuit has granted a facial challenge, though they have split on as-applied challenges.  *Compare Range v. Att'y Gen.*, 69 F.4th 96, 98, 106 (3d Cir. 2023) (en banc) (finding in favor of the defendant in a "narrow" decision on an as-applied constitutional challenge "only as applied to him") *with United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) (denying an as-applied challenged by a "non-violent" drug felon); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (following its pre-*Bruen* precedent that "upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm" in the context of a challenge based on non-violent felons); *see also United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss."); *Atkinson v. Garland*, 70 F.4th 1018, 1019–20 (7th Cir. 2023) (remanding to the district court to "undertake the *Bruen* analysis in the first

instance"). As a result of this lack of clear or obvious error, our court has repeatedly rejected plain error challenges to § 922(g)(1) under *Bruen* in recent unpublished opinions. *See, e.g.*, *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (unpublished) (per curiam), *cert. denied*, No. 23-5188, 2023 WL 6378839 (U.S. Oct. 2, 2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023) (unpublished) (per curiam); *United States v. Washington*, No. 22-10574, 2023 WL 5275013, at *1 (5th Cir. Aug. 16, 2023) (unpublished) (per curiam); *United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *1–3 (5th Cir. Sep. 8, 2023) (unpublished) (per curiam); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049, at *1 (5th Cir. Sep. 14, 2023) (unpublished) (per curiam). We join in those decisions and find a lack of clear of obvious error. Accordingly, we affirm the conviction.

Fulwiler's other appellate argument is a challenge to his sentence. We conclude that he preserved his substantive reasonableness challenge by advocating at sentencing for a sentence below the guidelines range. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Accordingly, the substantive reasonableness of his sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion in imposing an above-guidelines sentence if the sentence "does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors." *United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020).

Fulwiler argues that his above-guidelines sentence, 60 months, which is 19 months above the top of his guidelines range, is substantively unreasonable. Our "review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular

defendant." *Lavalais*, 960 F.3d at 189 (quotation omitted).  The district court's comments at sentencing reflect that it considered Fulwiler's sentencing memorandum, arguments for a lesser sentence, and the mitigating facts he raised.  Nonetheless, the district court was more persuaded by Fulwiler's criminal history and likelihood to recidivate, factors that the district court was permitted to consider.  *See Lavalais*, 960 F.3d at 189.  Giving due deference to the district court's sentencing decision, we conclude that Fulwiler has failed to show that his sentence is substantively unreasonable.  Accordingly, we affirm his sentence.

AFFIRMED.[1]

––––––––––––––––––––––––––––

[1] The motion to place appeal in abeyance is denied as moot.