# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30137
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Vernell Woodard,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-205-3

---

Before Elrod, *Chief Judge*, and Smith and Stewart, *Circuit Judges*.

Per Curiam:[*]

Vernell Woodard appeals his guilty-plea conviction and sentence for multiple counts arising from his involvement in a drug deal and armed robbery.

Our review of the record reveals that an adequate factual basis existed for Woodard's guilty plea to brandishing a firearm during a crime of violence

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30137

and aiding and abetting. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Further, Woodard has not demonstrated any reversible plain error with respect to the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Santiago*, 96 F.4th 834, 843–44 (5th Cir. 2024); *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000). While the district court did not inform Woodard of "the court's authority to order restitution," Fed. R. Crim. P. 11(b)(1)(K), Woodard has failed to argue or show that, had the court informed him of that authority, he would not have entered his guilty plea, *see United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

In addition, Woodard has not shown that the district court based his sentence on clearly erroneous facts, *see United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995), or that the court committed any plain procedural errors in imposing the sentence, *see United States v. Coto-Mendoza*, 986 F.3d 583, 585–86 (5th Cir. 2021); *Lavalais*, 960 F.3d at 186. He likewise has not shown that his sentence is substantively unreasonable. *See United States v. Navarro-Jusino*, 993 F.3d 360, 362 (5th Cir. 2021).

AFFIRMED.