# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40637
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adolfo Cruz,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:24-CR-12-1

————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Adolfo Cruz pleaded guilty to unlawful possession of a machinegun. He contends that his guilty plea was not knowing and voluntary because the requirements of Federal Rule of Criminal Procedure 11 were not followed at his rearraignment hearing. Because Cruz did not object to the sufficiency of

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's Rule 11 admonishments, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

Cruz argues that he was not sufficiently informed of the nature of the charged offense. *See* Fed. R. Crim. P. 11(b)(1)(G). However, Cruz has not shown Rule 11 error because the colloquy at rearraignment was sufficient for a reasonable person to believe that he understood the nature of the charge. *See United States v. Santiago*, 96 F.4th 834, 843-44 (5th Cir. 2024), *cert. denied*, 146 S. Ct. 624 (2025).

Moreover, Cruz argues that he was not informed about any applicable forfeiture. *See* Fed. R. Crim. P. 11(b)(1)(J). The record reflects that Cruz was not advised at rearraignment that forfeiture might be part of his sentence. However, on plain error review, Cruz must show an effect on his substantial rights by establishing a reasonable probability that, but for the error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Cruz has not contended, much less shown, that he can satisfy this prong of plain error review and thus has failed to make the necessary showing. *See id.*; *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020).

Finally, Cruz asserts that he was not told about the mandatory special assessment of $100. *See* Fed. R. Crim. P. 11(b)(1)(L). Even if he was not sufficiently advised that the special assessment was required, he has failed to demonstrate reversible plain error. *See Lavalais*, 960 F.3d at 186. Cruz has not alleged or established that the error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83.

AFFIRMED.